United States District Court
Southern District of Texas
**ENTERED**
December 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00198 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Now pending is Petitioner David James's motion for leave to amend his habeas petition. (D.E. 15). James initially filed the petition on July 28, 2020, raising a single claim that his 60-year sentence for aggravated sexual assault had ceased to operate and that he was entitled to release on mandatory supervision. (D.E. 1 at 6). On August 26, 2020, the undersigned issued a memorandum and recommendation ("M&R") that recommended construing the petition as a § 2254 petition and dismissing it prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases. (D.E. 8). James filed objections, and the M&R remains pending. (D.E. 12). James subsequently filed the present motion for leave to amend and attached an amended petition, in which he raises the same claim, along with two ineffective-assistance claims relating to trial counsel and one claim of trial court error. (D.E. 15-1 at 6-7). For the reasons discussed further below, it is recommended that James's motion for leave to amend (D.E. 15) be DENIED

because the claims he seeks to add are second or successive and the amendments would be futile.

Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of the rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). The denial of a motion to amend is within the district court's discretion and several factors are relevant to this decision, including the futility of the amendment. *Id.* An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id.*

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, amending the petition to add the claims of ineffective assistance and trial court error would be futile because James has already filed a § 2254 petition regarding the underlying trial proceedings, rendering these claims second or successive. In case number 4:07-cv-03671, James challenged his conviction on five separate grounds, and the District

2

Court denied his petition and dismissed the case. (Case No. 4:07-cv-03671, D.E. 19 at 1-24). The claims that James seeks to raise in his amended petition relate solely to his underlying criminal proceedings and, therefore, could have been raised in this earlier petition. *See Orozco-Ramirez*, 211 F.3d at 867. They are now second or successive.[1] In order to file these claims, James must first move in the Fifth Circuit Court of Appeals for an order authorizing this Court to consider the claims. 28 U.S.C. § 2244(b)(3)(A). While James has submitted documents and evidence from after the denial of his original § 2254 petition, this does not change the fact that the claims are second or successive and need authorization from the Fifth Circuit before this Court can consider them.

Accordingly, because the claims that James seeks to add would be second or successive, it is recommended that his motion for leave to amend (D.E. 15) be DENIED. This recommendation does not affect the undersigned's previous M&R on James's initial claim, which remains pending before the District Court.

Respectfully submitted on December 7, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[1] In contrast, James's initial claim that his sentence has ceased to operate could not have been raised in his original petition because the factual predicate for the claim arose later.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).