Case 2:20-cv-00198   Document 24   Filed on 03/05/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-198 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS
AND AFFIRMING DENIAL OF JURY TRIAL**

Petitioner, David James, filed this "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," complaining that his 60-year sentence ceased to operate after the passage of 30 years of straight time and good time credits and that he is entitled to release on mandatory supervision. D.E. 1. There are three orders or recommendations of the United States Magistrate Judge, Julie K. Hampton, now before the Court: (a) the Memorandum and Recommendation (M&R, D.E. 8), which denies relief upon initial screening; (b) the order denying James's request for a jury trial (D.E. 10); and (c) the M&R (D.E. 17) denying James's request for leave to amend his petition. For the reasons set out below, the Court OVERRULES James's objections and adopts and affirms the recommendations and order.

**A. Screening M&R**

In her screening M&R (D.E. 8), the Magistrate Judge rejected as inaccurate under the law both (1) James's grammatical argument that his 60-year sentence is to be served as a 30-year period of incarceration (combining 15 years of calendar time and 15 years of

good time credits), followed by an additional 30-year period of mandatory supervision, and (2) his argument that he has a liberty interest in mandatory supervision. James now objects to both conclusions. D.E. 13.

With respect to the grammatical argument, this Court rejected the same argument when James presented it in his prior habeas proceeding, *James v. Davis*, Cause No. 2:20-cv-00040 (S.D. Tex. May 21, 2020) (D.E. 14). James's argument is based on a statute governing the treatment of parole eligibility and sentence calculation when an inmate is serving consecutive sentences. Tex. Gov't Code, Chapter 508. James is serving a single sentence. And he offers nothing new to support his construction, which runs counter to the plain language of the statute. For the same reasons articulated in this Court's prior order, the Court OVERRULES James's first objection.

Second, James objects to the M&R's conclusion that he is not eligible for mandatory release and therefore does not have a liberty interest to support a constitutional challenge. Initially, he argues that the two aggravated robbery convictions used to prohibit him from receiving mandatory release were committed by another person with his name. And he objects to the Magistrate Judge's failure to request his trial and sentencing records, which would validate the mistaken identity. This argument raises issues that were neither listed in James's petition (D.E. 1) nor timely presented to the Magistrate Judge. A complaint regarding an M&R may not be based on an issue raised

for the first time in the objections. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001).[1]

In a companion argument, James asserts that any time a state has a parole system, any convicted person—regardless of the offense committed—has a liberty interest in qualifying for mandatory release. For this proposition, he cites a lengthy excerpt from Justice Marshall's dissenting opinion in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 22-31 (1979). As a dissenting opinion, it does not represent the holding of the Supreme Court and is not binding on this Court. *See generally*, *Georgia v. Public.Resource.Org, Inc*., 140 S. Ct. 1498, 1511 (2020). The second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Screening M&R, as well as James's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, the Court ADOPTS as its own the findings and conclusions of the Screening M&R (D.E. 8).

### B. Order Denying Jury Trial

By order (D.E. 10) issued August 31, 2020, the Magistrate Judge denied James's request for a jury trial because habeas corpus petitions are presented to the judge, not a jury. James objects on the basis that he is entitled to a jury under Federal Rule of Civil

---

[1] As set out below, James's parallel effort to amend his petition to assert such claims is futile and thus is properly denied. *Little v. Liquid Air Corp*., 952 F.2d 841, 846 (5th Cir. 1992).

Procedure 39. More specifically, he elected a jury trial in connection with the charge on which he was convicted, was entitled to a jury finding on the aggravating factors that would deny him mandatory release, and did not receive a fair trial because the jury was not presented with the pen packets regarding the aggravated robbery convictions, which would have demonstrated that the crimes were committed by another person of the same name. D.E. 13.

James fails to distinguish the procedures due him in a criminal trial from those due in a habeas proceeding. His citation of Rule 39 is inapposite because—as the M&R points out—this action is governed by the procedures prescribed in the habeas statute, 28 U.S.C. § 2243. James has not satisfied his burden to demonstrate clear error in the Magistrate Judge's legal conclusion, as required by 28 U.S.C. § 636(b)(1)(A). Therefore, the order (D.E. 10) is AFFIRMED.

### C. M&R on Motion for Leave to Amend

On October 26, 2020, James filed a motion for leave to amend his petition, seeking to add claims for ineffective assistance of counsel and trial court error. D.E. 17. The Magistrate Judge entered an M&R recommending denial of the motion because the claims would be second or successive of his habeas proceeding in Case No. 4:07-cv-03671. James was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear

error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc*., 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R (D.E. 17), and all other relevant documents in the record, and finding no clear error, the Court ADOPTS as its own the findings and conclusions of the Magistrate Judge.

## CONCLUSION

Accordingly, the petition for writ of habeas corpus is DENIED.

ORDERED this 5th day of March, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE