United States District Court
Southern District of Texas
**ENTERED**
May 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00198 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner David James is a Texas inmate appearing *pro se*. On March 5, 2021, the District Court adopted the undersigned's two Memorandums and Recommendations, denied James's 28 U.S.C. § 2254 petition, and denied his motion to amend his petition. (D.E. 8, 17, 24). Now pending is James's "Response to Judge's [Order Adopting the M&R] and His Request for Reconsideration of Relief" (D.E. 33). This motion is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons discussed further below, it is recommended that James's motion be denied.

### I.  BACKGROUND

In July 2020, James filed his *pro se* § 2254 petition, contending that: (1) his 60-year sentence for aggravated sexual assault was improperly changed after it was imposed because, under the one-half rule, he was eligible for mandatory supervision when his combined actual time and good time equaled 30 years; and (2) his continued imprisonment

violated his due process rights because he had a liberty interest in being released on mandatory supervision. (D.E. 1 at 6; D.E. 2 at 2-8).

In August 2020, the undersigned issued an M&R recommending that James's petition be dismissed prior to service under the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it was plain from the petition and attached exhibits that James was not entitled to relief. (D.E. 8). In particular, that conclusion was based on, among other things, the fact that James's argument that the Texas parole statutes rendered his 60-year sentence into two separate 30-year sentences was incorrect, and his argument regarding mandatory supervision was inapplicable because he was ineligible for mandatory supervision. (*Id.* at 3-5).

James objected, contending that the two prior convictions used to prohibit him from receiving mandatory supervision were committed by someone else with his name and that, regardless, any convicted person has a liberty interest in qualifying for mandatory release. (D.E. 12). James also filed a motion for leave to amend his petition with two additional claims of ineffective assistance of trial counsel and one claim of trial court error. (D.E. 15; D.E. 15-1 at 6-7). The undersigned issued a second M&R recommending that the motion for leave to amend be denied because the new claims regarding the underlying trial proceedings would be second or successive to James's prior § 2254 petition in case number 4:07-cv-03671. (D.E. 17 at 1-3). James did not file objections to the second M&R.

The District Court rejected James's objections, adopted the findings and conclusions in the M&Rs, and denied James's petition. (D.E. 24 at 1-5).

## II. DISCUSSION

### a. Rule 59(e) and Rule 60(b)

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Because James's motion was filed more than 28 days after the District Court's order on March 5, 2021, it is construed as a Rule 60(b) motion.

Under Rule 60(b), a party may seek relief from a final judgment where, among other reasons, there was: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59; or (3) fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b). Rule 60(b)(6) allows for relief for "any other reason that justifies relief" and is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The movant must show extraordinary circumstances for relief to be granted under Rule 60(b)(6). *Id.*

### b. James's Rule 60(b) Motion

In his motion, James first contends that he did not initially raise his claim about the invalid prior convictions because that claim was not relevant prior to the M&R's

3

conclusion that he was ineligible for mandatory supervision. (D.E. 33 at 1-2). Second, James argues that the ineffective-assistance claims that he sought to raise in an amended petition were meritorious and should not have been considered procedurally defaulted. (*Id.* at 2-14).

Here, James has not established that any of the enumerated provisions of Rule 60 apply, nor has he identified an extraordinary circumstance warranting relief from judgment under Rule 60(b)(6). James has not presented any new evidence with his motion, nor has he argued that there was fraud, misrepresentation, or misconduct by an opposing party in these proceedings, nor has he shown any mistake, inadvertence, surprise, or excusable neglect that led to the District Court's adoption of the M&Rs and entry of judgment.

James's arguments also do not show any extraordinary circumstance that warrants relief. First, under Texas law, he is ineligible for mandatory supervision because of his offense of conviction, regardless of any prior convictions. *See* Tex. Gov't Code § 508.149(a)(8) (stating that an inmate serving a sentence for aggravated sexual assault is ineligible for mandatory supervision). Second, the Court did not deny his motion to amend on the basis that the claims would be futile because they lacked merit or were procedurally defaulted, but rather because they would be second or successive to his original § 2254 petition in case number 4:07-cv-03671 that also challenged the underlying trial proceedings. (D.E. 17 at 1-3; D.E. 24 at 4-5). This is not the same as a procedural default. *See* 28 U.S.C. § 2244(b).

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that James's construed motion for relief from judgment under Rule 60(b) (D.E. 33) be DENIED.

Respectfully submitted on May 20, 2021.

                                                                              Julie K. Hampton
                                                                             United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).